March 1, 1978

### 78-14 MEMORANDUM OPINION FOR THE GENERAL COUNSEL, DEPARTMENT OF TRANSPORTATION

### Administrative Law—Agency Authority— Payment of Attorneys' Fees—*Greene County Planning Board* v. *Federal Power Commission* (559 F. (2d) 1227)

This responds to your request for our opinion whether any authority your Department might have to provide compensation, under appropriate standards and procedures, to parties intervening in proceedings before the Department of Transportation, would be circumscribed by the *en banc* decision of the Second Circuit in *Greene County Planning Board* v. *Federal Power Commission*, 559 F. (2d) 1227 (1977), cert. denied, 434 U.S. 1086 (1978). For reasons stated below, it is our opinion that the holding of *Greene County* does not preclude your Department from determining whether it has explicit or implicit statutory authority to provide compensation in the form of expert witnesses' fees, attorneys' fees, and other expenses of parties who intervene in proceedings before it.

Although the history of the *Greene County* litigation is somewhat complex, a brief sketch of that history will suffice for present purposes. Party intervenors in proceedings before the Federal Power Commission (FPC), now the Federal Energy Regulatory Commission (FERC), sought compensation from the FPC for certain expenses incurred by them in those proceedings. The FPC ultimately took the position, based on its interpretation of certain provisions of its organic statute, the Federal Power Act,[1] that it lacked statutory authority to award such compensation. The Second Circuit, relying at least in part on the interpretation given by the FPC to its organic statute, held that the FPC lacked authority to provide the compensation requested.

The party intervenors in *Greene County* then petitioned the Supreme Court for a writ of certiorari to review the Second Circuit decision. As you may know, the Solicitor General filed with the Court a brief for the present

---

[1] 16 U.S.C. §§ 793, 825g, 825h, and 825m(c).

respondent, Federal Energy Regulatory Commission. In that brief, the Solicitor General took the position that the Second Circuit decision was incorrect and suggested to the Court that it grant certiorari, vacate the Second Circuit judgment, and remand the case to the Second Circuit for reconsideration in light of the present position of FERC, that its organic statute does provide authority for the compensation at issue.

Because the holding of the Second Circuit in *Greene County* involved only a construction given to the Federal Power Act, 559 F. (2d), at 1238, we think it clear that no Department or Agency (including your Department) other than, possibly, FERC is bound by that holding. Nor do we think that the Second Circuit, in reaching its conclusion regarding the Federal Power Act, announced a principle of law broad enough to cover other Departments and Agencies. In fact, the court appeared to give great weight to the views of the FPC concerning its authority under the Federal Power Act in reaching its decision. *See* 559 F. (2d), at 1236-37, and n. 2.[2]

The Second Circuit could have based its decision on a broader ground; for example, it could have taken the position that no compensation for expenses such as attorneys' fees could be paid absent explicit statutory authority. Had it done so, its decision would have created doubt as to whether other Departments and Agencies could construe their respective organic statutes as providing power to compensate where such authority was not explicit. The Second Circuit, however, did not do so, thus obviating the difficult question that might be presented by a broader opinion.[3]

We conclude that, notwithstanding the *Greene County* decision, your Department is required to interpret its own organic statute and any other relevant statutory provisions and determine whether Congress has authorized it, explicitly or implicitly, to provide compensation in proceedings before it. Assuming it concludes that such power exists, it additionally will have to determine the standards and procedures under which such compensation may be provided.

We would add that we attach no significance to the Supreme Court's denial of certiorari in the *Greene County* case. That action did not constitute a decision on the merits or otherwise address the question which you have raised with us.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

[2]This point was made in the dissenting panel opinion of Judge Van Graafeiland, who wrote the majority *en banc* opinion.

[3]For example, whether other Federal Departments and Agencies would have to conform their conduct to the Second Circuit's decision might itself pose a substantial question.